IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| KENNETH ROACH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:12-cv-289 |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 25] filed on February 19, 2014. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Kenneth Roach, applied for Disability Insurance Benefits and Supplemental Security Income and was found not disabled by the Social Security Administration. Roach appealed the decision to this court, and on November 22, 2013, the court remanded the ALJ's decision for further proceedings. On February 19, 2014, Roach filed the instant motion for attorney's fees, requesting $9,965.85, plus costs of $19.80. Roach's attorney determined this was the amount due by multiplying the number of hours spent, 52.4, by the hourly rate of $186.38. The Commissioner disputes the amount of recoverable attorney's fees.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

1

**28 U.S.C. § 2412(d)(1)(A);** *see also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a courts final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party"; (2) a showing that the application is "eligible to receive an award"; (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed"; and (4) an "alleg[ation] that the position of the United States was not substantially justified" **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co**., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

The Commissioner agrees that Roach was the prevailing party, is eligible to receive an award, and that the position of the United States was not substantially justified. However, the Commissioner disputes whether the rate of attorney's fees and the amount of time billed on this matter were reasonable.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." **28 U.S.C. § 2412(d)(2)(A)(ii).** In *Matthews– Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011), the Seventh Circuit explained that the plaintiff's attorney can justify a higher fee by showing either that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government" or that "a special factor" supports the increase, namely, that the case "requires for competent counsel someone from among a small class of

2

specialists who are available only for [more than $125] per hour". *Matthews– Sheets*, 653 F.3d at 563, 565. The Seventh Circuit specifically explained that these two factors do not merge and that a lawyer arguing for a cost of living increase need not show the limited availability of lawyers to handle the case. *Matthews– Sheets*, 653 F.3d at 565.

However, an attorney is not automatically entitled to a cost of living increase and has the burden of demonstrating that a fee above that prescribed by the statute is justified. Because inflation affects markets in different ways, the requesting attorney "must show that inflation has increased the cost of providing adequate legal service" and must do so with reference to his particular circumstances. *Matthews-Sheets*, 683 F.3d at 563-564. It is not sufficient to show that the law firm's expenses increased by a percentage over the relevant time. *Mathews-Sheets*, 683 F.3d at 563-564. Rather, the plaintiff has the additional burden of showing that the increase in expenses was due to inflation and not a business decision to increase costs, such as obtaining a larger office space or giving salary increases.

In this matter, Roach's attorney has demonstrated both inflation in the geographic area by pointing to the local Consumer Price Index and how inflation has affected his ability to provide legal services. Although not determinative, he also has submitted the affidavits of other attorneys sharing his specialty who charge rates similar to that which Roach's counsel seeks. The Commissioner argues that Roach made no attempt to indicate whether the cost increases were due to inflation or solely caused by his attorney's choosing, and that the affidavits prepared by the other attorneys are not determinative of whether the inflated rates were due to inflation. The court disagrees with the Commissioner's arguments. The affidavits shed light on the reasonableness of the fees, but more importantly Roach's attorney did explain how his increased costs were affected by inflation. In particular, he stated that his office rent has increased by at

least 3% per annum, which does not take into consideration a move to a larger office, he has paid salary increase to keep with the pace of salaries paid by other law firms and businesses, and health insurance has risen at least 100%, as have the costs of legal research tools, continuing legal education conferences, and basic office supplies such as file folders. None of these costs were the result of a choice Roach's attorney made, but were the direct result of inflation.

The Commissioner also argues that Roach's counsel has failed to show the "special factor" that no competent attorney could represent the claimant for a lesser amount. As the court explained above, Roach need not make such a showing when his request is based on inflation rather than the "special factor." Because Roach's attorney has displayed how inflation has affected the geographic market and his own expenses and other courts within this district consistently have found similar fees to be reasonable, the court agrees that $186.38 is a reasonable hourly rate. *See* **Large ex rel. S.L. v. Colvin**, 2014 WL 117174, *4 (N.D. Ill. Jan. 13, 2014) (citing **Brazitis v. Colvin**, 2013 WL 6081017, *1–2 (N.D.Ill. Nov.19, 2013) (granting increase to $184.75 for work performed by Barry Schultz and his legal staff based on the same evidence provided in this case); **Booker v. Colvin**, 2013 WL 2147544, at *3–5 (N.D.Ill. May 16, 2013) (granting increase to $169.71 for Barry Schultz); **Scott v. Astrue**, 2012 WL 527523, at *6 (N.D.Ill. Feb.16, 2012) (granting increase in hourly rate to $171.25 for district court case and $175 for appellate court case); **Claiborne ex rel. L .D. v. Astrue,** 877 F.Supp.2d 622, 623–28 (N.D. Ill. 2012) (granting increase to $181.25)); **Willoughby v. Astrue**, 945 F.Supp.2d 968, 971 (N.D. Ill. May 14, 2013) (finding rate of $180 reasonable); **Plump v. Colvin**, 2014 WL 523052, *5 (N.D. Ind. Feb. 10, 2014) (finding an hourly rate of $181.59 reasonable); **Butler v. Colvin**, 2013 WL 1834583, *3 (S.D. Ill. May 1, 2013) (finding rate of $182.50 reasonable).

The Commissioner also disputes whether the number of hours billed were excessive, arguing that the issues raised were not complex and that the time billed was duplicative. Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437, 103 S.Ct. at 1940. The amount of a fee award is left to the discretion of the district court because of its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *See Hensley*, 461 U.S. at 437, 103 S.Ct. at 1940.

The Commissioner criticizes Roach's attorney fee petition for including repetitive and excessive entries. Specifically, three attorneys were staffed on the case, requiring unnecessary time expenditures for each attorney to develop familiarity with the case. Additionally, it took nearly 40 hours to write one brief, including 35.5 hours to draft and edit the brief by one attorney and an additional 4.3 hours by another who prepared a detailed memorandum of the issues to be raised in the brief, and reviewed, edited, and re-wrote part of the brief. Roach's attorney does little to respond to this argument. He argues only that courts within this district have held that fee petitions for hours billed covering a range within which the amount he billed were reasonable and that the plaintiff raised numerous legal issues, and included a detailed factual assessment of the 458 page administrative record.

In support of her position, the Commissioner points to several cases that determined that the typical hours spent on a Social Security disability case range from 20 to 40. However, none of the cases originated within the Seventh Circuit, and other cases have determined that more

5

hours typically are necessary. ***Large ex rel. S.L. v. Colvin***, 2014 WL 117174, *3 (N.D. Ill. 2014) (citing ***Schulten v. Astrue***, 2010 WL 2135474, at *6 (N.D.Ill. May 28, 2010) (collecting cases finding that permissible range of attorney hours spent in district court for social security cases is 40 to 60 hours); ***Porter v. Barnhart***, 2006 WL 1722377, at *4 (N.D.Ill. June 19, 2006) (awarding 88.2 hours of attorneys' fees)).

The Commissioner only was able to identify two examples of the time she found duplicative, including 4.3 hours billed by Attorney Schultz to prepare a memorandum of the issues involved in this matter, review the brief, and make edits, and .6 hours spent by another attorney to review a brief. It is common for senior attorneys to review another's work, and the court does not find this duplicative or excessive. Additionally, Roach's briefs, including his initial brief, reply, and memorandum in support of attorney's fees were lengthy, and the amount of time billed falls within the range of hours typically requested and awarded. For these reasons, the court does not find that the amount of time expended was unreasonable.

Based on the foregoing, the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. The Commissioner is **ORDERED** to pay $9,985.61 in attorney's fees and costs. If counsel can verify that Roach owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Roach's attorney if the parties have a signed EAJA assignment.

ENTERED this 20th day of October, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge